36 F.3d 1114
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eldson McGHEE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7074.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss McGhee's appeal for lack of jurisdiction. McGhee opposes.
 
 
 2
 On August 25, 1993, the Court of Veterans Appeals (1) affirmed the Board of Veterans Appeals decision denying McGhee an effective date earlier than 1984 for service connection for post traumatic stress disorder (PTSD), evaluated as 30% disabling, (2) vacated the Board's decision denying McGhee's claim for an increased rating, and (3) remanded for further proceedings. McGhee appealed that part of the decision affirming the Board's denial. As acknowledged by McGhee, the only portion of the Court of Veterans Appeals' decision that is final and appealable is the portion that affirmed the Board of Veterans Appeals' decision. See Travelstead v. Derwinski, 978 F.2d 1244, 1248 (Fed.Cir.1992).* Thus, that is all that is before this court. The remanded portion of the case is now separate from the case on appeal.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Although McGhee, in his opposition, frames his arguments as including statutory, regulatory, and constitutional issues, the crux of McGhee's argument is that the Board erred in its determination that he was not entitled to an earlier date for service connection for PTSD. However, this court has no jurisdiction to review either factual determinations or challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that McGhee requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 McGhee may seek review of that part of the case now because he may lose that opportunity later. If McGhee prevails on the matter remanded to the Board, then he would have no opportunity, other than the present appeal, to seek review of the Court of Veteran Appeals affirmance of the denial of the claim. Thus, we do not dismiss McGhee's appeal on the ground that the decision is not appealable